IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

D. WALLACE MITCHELL,

Plaintiff,

v.

BRIAN A. BLEDSOE,

Defendant.                                            No. 06-624-DRH

## ORDER

**HERNDON, Chief Judge:**

Before the Court is Petitioner Mitchell's Motion for a Ruling on Objection to Order of August 21, 2008 (Doc. 54). Petitioner states that his Objection to Magistrate Judge Proud's August 21, 2008 Order, denying Petitioner's motion for a court order directing Bureau of Prison personnel to return legal documents to Petitioner which Petitioner claims were improperly confiscated, was never ruled on (See Doc. 45). Petitioner objected to Magistrate Judge Proud's denial, arguing that the Court had jurisdiction to order the return of the documents or to order the Respondent to show cause why the documents were seized (See Doc. 45). Having considered the arguments, the Court **DENIES** Defendant's objection (Docs. 45 & 54).

Under **LOCAL RULE 73.1(a)** of the Southern District of Illinois and **FEDERAL RULE OF CIVIL PROCEDURE 72(a)**, a district judge may modify or set aside a magistrate judge's decision only if the decision is "clearly erroneous or contrary to law." **FED. R. CIV. P. 72(a)**. A decision is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a

mistake has been committed." ***Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)(quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).** This means that a district judge can only overturn a decision "if the district court is left with the definite and firm conviction that a mistake had been made." ***Weeks v. Samsung Heavy Indus. Co. Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)**. District Courts are given broad discretion on matters related to discovery. ***Weeks*, 126 F.3d at 943.** If there are two permissible views, the reviewing court will not overturn the decision solely because it would have chosen the other view.

The Court notes that Petitioner's Objection does not specifically allege that Judge Proud's analysis is clearly erroneous. Petitioner never states that any part of Judge Proud's Order was clearly erroneous; instead, Petitioner merely notes that "it appears the Court has jurisdiction to order the return of documents...and/or at the very least, ordering the respondents to show cause why documents specifically related to this case were seized." (Doc. 45, p. 2). Rather than discuss how Judge Proud's decision was erroneous or his legal analysis flawed, it appears that Petitioner is just noting his general disagreement and discontent with Judge Proud's ruling. Petitioner has not shown that Judge Proud's Order was "clearly erroneous or contrary to the law." Therefore, the Court **DENIES** Petitioner's motion (Doc. 54) as well as **DENIES** his Objection (Doc. 45).

The Court further notes that Petitioner has filed several Objections to various other Orders issued by Judge Proud. In fact, it appears that Petitioner

objects to almost every Order issued by Judge Proud. (See Docs. 27, 28, 29, 30, 44, & 50). In the majority of these Objections, Petitioner does not show that Judge Proud's Orders were clearly erroneous or contrary to the law. Instead, Petitioner again seems to be noting his general disagreement with the rulings. The Court **DENIES** Petitioner's objections.

The Court does note that in one such Objection (See Doc. 27), however, Petitioner objected to Judge Proud ruling on a motion to reconsider. Petitioner filed a motion to reconsider and objection to Judge Proud's Order (Doc. 13) granting the Respondent additional time in which to file a response to the petition (Doc. 15). Petitioner argued that he had never received the Respondent's motion for extension of time and objected to an Order granting a motion he had never had an opportunity to respond to. Judge Proud construed the motion as a motion to reconsider and denied the motion because Petitioner had not shown any basis for doubting the certificate of service showing that Respondent had served Petitioner with the motion (Doc. 23).

Petitioner now objects to that Order, arguing that Judge Proud should not have ruled on the motion as it was filed pursuant to **Rule 72(a)** and was an objection that was to be properly decided by the district court judge. The Court notes that Petitioner labeled his motion as both a motion for reconsideration pursuant to **Rule 60(b)** as well as an Objection, and Judge Proud construed the motion as one for reconsideration. The Court further notes, that even if the motion

had been construed as an Objection under **Rule 72(a)**, this Court finds that Petitioner failed in that motion to show that Judge Proud's Order granting respondent's motion for extension of time was clearly erroneous. Rather, Petitioner merely objected to the Order because he did not receive Respondent's motion. As Judge Proud correctly pointed out, Petitioner presented no basis to doubt the certificate of service showing that Respondent had sent a copy to Petitioner. Further, Petitioner showed no prejudice to him by the granting of the extension. Therefore, the Court **DENIES** Petitioner's objection (Doc. 27).

**IT IS SO ORDERED.**

Signed this 13th day of August, 2009.

/s/ David R Herndon
**Chief Judge**
**United States District Court**