IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**D. WALLACE MITCHELL,**

**Petitioner,**

**v.**

**BRIAN A. BLEDSOE,**

**Respondent.**                                                                **No. 06-624-DRH**

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. Introduction

Before the Court is Petitioner's Motion for Relief from Judgment and Reinstatement of Case (Doc. 62). On September 28, 2009, the Court adopted a Report and Recommendation ("the Report") issued by Magistrate Judge Clifford J. Proud recommending Petitioner's petition for writ of habeas corpus filed pursuant to **28 U.S.C. § 2241** be transferred to the Northern District of Alabama as this Court lacked personal jurisdiction over Petitioner's immediate custodian, the Federal Correctional Institution in Talladega, Alabama (Doc. 59). Thereafter, on January 14, 2010, Petitioner filed the instant motion for relief from judgment (Doc. 62) arguing that this Court should reinstate this case or transfer it to the District of Columbia. The Court, having considered the arguments set out in the motion, **DENIES** Petitioner's motion for relief from judgment (Doc. 62).

### II. Analysis

Although Petitioner has filed his motion as a relief of judgment, he does

not state the legal premise for his motion. The Seventh Circuit has held that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the **FEDERAL RULES OF CIVIL PROCEDURE**. ***See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992)**. Under these rulings, the date the motion was filed determined under what rule it would be analyzed. **See *Deutsch,* 981 F.2d at 300**. If the motion was served within 10 days of the rendition of the judgment/order, the motion fell under Rule 59(e);[1] if it was served after that time, it fell under Rule 60(b). ***Id.* (citations omitted)**. Most recently, however, the Seventh Circuit has clarified that although motions filed after 10 days of the rendition of the judgment are still analyzed under Rule 60(b), motions filed within 10 days of the rendition of the judgment can be analyzed under either rule depending upon the substance of the motion.

> [W]hether a motion filed within ten days of the rendition of the judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it. Therefore, the former approach – that, no matter what their substance, all post-judgment motions filed within 10 days of judgment would be construed as Rule 59(e) motions – no longer applies. In short, motions are to be analyzed according to their terms. When the substance and label of a post-judgment motion filed within 10 days of judgment are

---

[1] Recently, Rule 59(e) was changed to allow a party 28 days after the entry of judgment in which to file a motion to alter or amend a judgment. The changes did not go into effect until December 1, 2009. As the Court's Order transferring the case to the Northern District of Alabama was filed on September 28, 2009, the old version of Rule 59(e) still applied requiring Petitioner to file any motion within 10 days. Petitioner, however, filed his motion on January 14, 2010, well outside the 10 day requirement under the old version of Rule 59(e). Petitioner has failed to file his motion within the 28 day requirement under the new version of Rule 59(e) as well.

> not in accord, district courts should evaluate it based on the reasons expressed by the movant. Neither the timing of the motion, nor its label . . ., is dispositive with respect to the appropriate characterization of the motion.

**Obriecht v. Raemisch, 517 F.3d 489, 493 (7th Cir. 2008) (citations omitted).**

Here, Petitioner filed his motion on January 14, 2010 well outside of the time-frame allowed for in Rule 59(e). Further, Petitioner has labeled his motion as a motion for relief from judgment as stated in Rule 60(b). Therefore, the Court finds Petitioner's motion is properly analyzed under Rule 60(b).

Rule 60(b) authorizes a district court to relieve a party from final judgment or order for six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ...; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged ...; or (6) any other reason justifying relief from the operation of the judgment.

The first five grounds for Rule 60(b) relief do not apply, as Petitioner does not claim (and the record does not reveal) any mistake, excusable neglect, newly discovered evidence, fraud, fundamental defect voiding the judgment, or satisfaction of the judgment. Nor has Petitioner demonstrated any "other reason justifying relief" from the Order.

The Seventh Circuit emphasized that Rule 60(b) relief is reserved for exceptional circumstances. **Mares v. Busby, 34 F.3d 533, 535 (7th Cir. 1994).** "Rather, it exists to allow courts to overturn decisions where 'special circumstances'

justify an 'extraordinary remedy.'" ***Cash v. Illinois Div. of Mental Health***, 209 F.3d 695, 697 (7th Cir. 2000)(quoting ***Russell v. Delco Remy Div. of General Motors Corp.***, 51 F.3d 746, 749 (7th Cir. 1995)).

Here, Petitioner argues that the case should not have been transferred because transferring the case would cause Respondents to circumvent jurisdiction by transferring a petitioner. However, Petitioner raises this issue in his objections to the Report and this Court found that a transfer was proper as this Court lacked jurisdiction. As pointed out in the Court's Order transferring the case, the Supreme Court has stated that the immediate custody rule limits available forums to the forum with the most immediate connection to the named custodian. ***See Rumsfield v. Padilla***, 542 U.S. 426, 452 (2004) **(Kennedy, J., concurring)**. At the time, the Federal Correctional Institution in Talladega, Alabama was the proper respondent as Petitioner had been transferred to that facility. ***Al-Marri v. Rumsfield***, 360 F.3d 707, 712 (7th Cir. 2004). In light of Petitioner's transfer, the Court no longer had personal jurisdiction over the respondent and thus the case was transferred. Petitioner has offered no arguments to the contrary, only his belief that such a decision would allow a potential respondent to transfer a petitioner in order to avoid responding to a petition for writ of habeas corpus pursuant to **28 U.S.C. § 2241.** However, the Court will only overturn decisions where a "special circumstance" justifies an "extraordinary remedy" and Petitioner has not shown a special circumstance, only his beliefs which had previously been raised. Petitioner offers no

legal authority supporting his position. Petitioner also argues that the case was never transferred to the Northern District of Alabama, but that argument is simply incorrect. The Court entered its Order transferring the case on September 28, 2009 and the case was subsequently transferred to the Northern District of Alabama (*See* Doc. 61, noting receipt of case file by Northern District of Alabama).

Petitioner also argues that his petition should have been transferred to the District of Columbia, but he provides no legal support for that notion. However, it is clear that the proper forum is the forum with the most immediate connection to immediate custodian, and thus the Northern District of Alabama was the proper forum as it is the district in which the immediate custodian was located at the time of the transfer.

### III. Conclusion

Accordingly, the Court **DENIES** Petitioner's motion to alter judgment (Doc. 62).

**IT IS SO ORDERED.**

Signed this 2nd day of February, 2010.

/s/  *David R Herndon*

**Chief Judge**
**United States District Court**