# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**D. WALLACE MITCHELL,**

**Plaintiff,**

**v.**

**BRIAN A. BLEDSOE,**

**Defendant.**                                         **No. 06-624-DRH**

## ORDER

**HERNDON, Chief Judge:**

Before the Court are two objections (Docs. 96 & 112) filed by petitioner D. Wallace Mitchell.   In petitioner's first objection (Doc. 96), the heading of petitioner's motion indicates that he is objecting to magistrate Judge Stephen C, Williams' orders of June 21, 2011, and June 29, 2011 (Docs. 89 & 90), but the crux of petitioner's objection is that he wants the to be scheduled evidentiary hearing to be held by video conference.  This objection is now moot, however, as the Court addressed petitioner's request in its order of July 18, 2011 (Doc. 98), granting petitioner's motion for reconsideration (Doc. 92) and allowing petitioner to appear by video conference for all future hearings.  Thus, this objection (Doc. 96) is denied as moot.

As to petitioner's objection (Doc. 112) to the magistrate's order of August 29, 2011, the objection is denied.  On June 17, 2011, respondent Brian Bledsoe filed a motion for clarification (Doc. 84), asking the Court to clarify the issues for the

evidentiary hearing which was then scheduled for June 29, 2011.  The Court granted

that motion (Doc. 89) and ordered respondent to file a supplemental brief addressing

specific issues raised by petitioner's reply brief.   The respondent filed his motion

(Doc. 91) on July 7, 2011, and on July 18, 2011, petitioner filed a response to that

motion (Doc. 100).  On July 21, 2011, the Court ordered the respondent to file a

reply to petitioner's response (Doc. 104), and on July 29, 2011, the respondent did

so (Doc. 105).  Petitioner then filed a motion for extension of time to file a response

to respondent's reply (Doc. 106), which the Court denied on August 12, 2011 (Doc.

108).  Apparently, unaware that this motion had been denied, on August 19, 2011,

petitioner filed an opposition to the respondent's reply (Doc. 109).  After filing,

petitioner apparently found out that his motion to file a response to respondent's

reply had been denied, so he filed a motion to strike respondent's reply (Doc. 110).

On August 29, 2011, the Court entered an order denying petitioner's motion to strike

(Doc. 111).

     In his current objection, petitioner seeks to have the Court strike

petitioner's reply because it was in fact a "sur-reply" and because petitioner is

responsible for prosecuting this matter, and as such, always has the last say in

pleadings and arguments.   Alternatively, petitioner argues that if respondent's reply

is not stricken, his opposition to respondent's reply (Doc. 109) should be heard.

     Under the Local Rules of the United States District Court for the

Southern District of Illinois (the "local rules"), specifically local rule 73.1(a), and

Federal Rule of Civil Procedure 72(a), a district judge may modify or set aside a

magistrate judge's decision only if the decision is "clearly erroneous or contrary to law." FED. R. CIV. P. 72(a); SDIL-LR 73.1(a). A decision is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). This means that a district judge can only overturn a decision "if the district court is left with the definite and firm conviction that a mistake had been made." *Weeks v. Samsung Heavy Indus. Co. Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Here, the magistrate's decision was not clearly erroneous or contrary to law. Rather the magistrate ordered the respondent to file a supplemental brief addressing specific issues raised by petitioner's reply (Doc. 31), a reply which contained numerous supplements (Docs. 35 & 37), which the Court apparently allowed despite petitioner not seeking leave of Court. See SDIL-LR 7.1(c) ("If a party believes it is necessary to supplement its brief with new authority due to a change in the law or facts that occurred after the filing of its brief, the party must seek leave of court to file a supplemental brief."). The Court then allowed the petitioner to file a response to respondent's supplemental brief (Doc. 100), and ordered the respondent to file a reply to that response (Doc. 104). Petitioner then filed a motion for extension of time to file a response to respondent's reply (Doc. 106), but the Court denied that motion (Doc.108). Nevertheless, when petitioner filed an opposition to the reply (Doc. 109) anyway, it was not stricken from the record.

District courts possess inherent authority to manage their own affairs

and maintain effective control over their dockets.  *In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1994).  Thus, it was certainly within the magistrate's discretion and authority to order supplemental briefing should the magistrate deem it helpful to resolve the case.  This did not, however, give petitioner the right to file anything, especially replies to respondent's reply.  In fact, our local rules provide that "**[r]eply briefs are not favored and should be filed only in exceptional circumstances.** The party filing the reply brief shall state the exceptional circumstances.  Under no circumstances will sur-reply briefs be accepted."  SDIL-LR 7.1(c).  Ordering the respondent to file supplemental briefing to clarify issues raised by petitioner, certainly does not give petitioner the right to have the last word.  Petitioner has been given numerous opportunities to present matters to the Court, many of which have been filed in violation of the local rules.  Accordingly, petitioner's objection to the magistrate's order (Doc. 111) is denied.

Finally, petitioner notes that "U.S.P.-Marion, IL" continues to appear on all documents electronically generated and asks the Clerk to remove "U.S.P.-Marion, IL" from the docket sheet.  This is not the first time petitioner has made this request (Doc. 20).  Accordingly, this will not be the first time this request is denied (Doc. 25).  As the Court previously explained to petitioner, the Clerk maintains the original case caption on the docket sheet regardless of subsequent changes to party names for record-keeping purposes and for the sake of consistency.  The Court assures petitioner that "U.S.P.-Marion, IL" was terminated from this case on August 21, 2006, and is no longer a party to this case.  Thus, whether that name appears in the

docket sheet or not has no bearing on the merits of petitioner's claim and the petitioner has no reason to worry about whether that name appears on the docket sheet.  For the reasons stated above, petitioner's objections (Docs. 96 & 112) are denied.

**IT IS SO ORDERED.**

Signed this 15th day of September, 2011.

Digitally signed by
David R. Herndon
Date: 2011.09.15
14:50:57 -05'00'

**Chief Judge**
**United States District Court**