IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| D. WALLACE MITCHELL, | ) |
| | ) |
|        Petitioner, | ) |
| | ) |
| vs. | )   Case No. 06–cv–624–DRH–SCW |
| | ) |
| BRIAN BLEDSOE, | ) |
| | ) |
|        Respondent. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. Introduction

This matter is before the Court on respondent Brian Bledsoe's motion to dismiss (Doc. 118). In his motion to dismiss respondent argues that petitioner D. Wallace Mitchell's Statutory Good Time Credit (hereinafter "SGTC") has been restored and as petitioner, arguably, has no other liberty interest, respondent seeks dismissal of the pending petition. Petitioner has filed a response (Doc. 147) in opposition to respondent's motion, arguing that his SGTC has not been restored and that unless the actual incident reports which caused him to lose SGTC are expunged he will continue to lose his credit. Petitioner also argues that he has other liberty interests stemming from his loss of SGTC which require his underlying petition to be resolved. Respondent has filed a reply (Doc. 148) to petitioner's response. Petitioner has also asked for leave to file a supplement (Doc. 150) which he claims

will show that he has a liberty interest in his loss of good time. However, as the Court finds that the supplemental documents which petitioner requests to add are not required to decide the motion at hand, the Court **DENIES** petitioner's request to supplement (Doc. 150). Based on the following, the Court further **DENIES** respondent's motion to dismiss (Doc. 118).

## II. Background

Petitioner originally filed his petition pursuant to 28 U.S.C. § 2241 on August 14, 2006, seeking to overturn several incident reports he received while being housed at Marion Penitentiary for violations of his due process rights. Petitioner claims his rights were violated in fourteen individual incident reports. Petitioner is currently serving an indeterminate life sentence stemming from convictions he received in the District of Columbia for assault with intent to kill while armed, felony murder, first-degree murder while armed, and possession of a firearm during a crime of violence.

On June 21, 2011, the Court issued an order setting the petition for an evidentiary hearing to determine several factual issues regarding petitioner's due process issues. At that time the Court also directed respondent to file briefing addressing whether petitioner's SGTC were affected by the disciplinary proceedings (Doc. 89). On July 7, 2011, respondent filed a brief addressing the Court's concerns (Doc. 91). Respondent argued that as petitioner was sentenced pursuant to the District of Columbia Code, he is subject to that district's sentencing codes. Petitioner was sentenced to life imprisonment with a 25 year mandatory minimum (*Id*.).

Respondent maintained that as a result of his sentence, petitioner can only have 1200 days of SGTC which are given automatically and cannot be lost as a result of disciplinary hearings (*Id.*). Respondent argues that petitioner's life sentence has not been affected by his disciplinary hearings and, although petitioner presumably lost SGTC as a result of the hearings, the time was never deducted from his 1200 SGTC (*Id.*). Petitioner filed a response to that briefing disputing respondent's claim that he did not accumulate SGTC and that his SGTC were not affected by his disciplinary sanctions (Docs. 100 & 102).

Respondent was ordered to file a reply as to the issue of SGTC. Respondent did so, arguing that as a prisoner serving an indeterminate sentence from the District of Columbia, petitioner did not earn SGTC (Doc. 105). Respondent acknowledged that documents did show that petitioner had forfeited good time but those numbers did not affect his parole eligibility date which remained the same and pointed to exhibits which showed his Statutory Good Time Rate as "0" or "N/A" (*Id.*).

Given the confusion created by the issue regarding petitioner's ability to earn SGTC and whether petitioner had a liberty interest in such credits, the Court appointed counsel for petitioner to address the issues at an evidentiary hearing (Doc. 114). Specifically, counsel was appointed to provide evidence on the issue of whether petitioner had a liberty interest in his 1200 days of good time credit and whether such credits could be lost as a result of a disciplinary sanction. Subsequent to that appointment, respondent filed the current motion to dismiss (Doc. 118).

In the motion to dismiss respondent informs the Court that petitioner's SGTC,

which were reportedly taken away from petitioner as a result of his disciplinary proceedings, have been restored (Doc. 118). Respondent points to an Inmate Disciplinary Data Chronological Disciplinary Record (Doc. 118 Exs. 1 & 2) from October 18, 2011, showing that the forfeiture of SGTC he had received as part of the disciplinary hearings has been deleted. In essence, the records now reflect that petitioner did not lose SGTC as a result of the disciplinary incidents. Thus, respondent argues, petitioner's SGTC had been restored and the records changed to reflect that he had never lost good time as a result of the disciplinary hearings at issue (Doc. 118). Respondent further argues that with petitioner having not lost any SGTC as a result of the disciplinary hearings, petitioner no longer has any liberty interest in the disciplinary reports (*Id.*).[1]

Petitioner filed a response to the motion to dismiss, arguing that his SGTC has not been restored (Doc. 147). Petitioner first disputes respondent's claim that petitioner does not have a liberty interest in his good time credit. Petitioner points out that he can earn and lose more than 1200 days SGTC and offers exhibits showing that he has earned more than 1200 SGTC. Petitioner's Sentencing Monitoring Good Time Data sheet from November 2, 2011, reflected that he had 1244 days of good time credit (Doc. 147 Ex. A). Further, the net of petitioner's forfeitures, withholdings, and restorations for December 12, 2011, were 1271 days

---

[1] Respondent noted that while the Good Time Credits had been restored, Respondent was not conceding that petitioner had a liberty interest in his Good Time Credits.

(Doc. 147 Ex. C). Net forfeitures, withholdings, and restorations for March 15, 2012, were 1041 days (Doc. 147 Ex. D). The March 15, 2012, data sheet was produced after petitioner's SGTC was purportedly restored.

Petitioner argues that this is proof that his SGTC has not been restored as suggested by respondent and that he continues to loss good time credits (Doc. 147). Petitioner argues that given the issues with restoring his SGTC, the main issue of due process rights violations can not be moot or avoided because his loss of good time is capable of repetition, in that the SGTC can be restored and then forfeited again because the disciplinary reports remain on record (*Id.*).

Respondent has filed a reply to petitioner's response (Doc. 148). Respondent points to petitioner's exhibits B and D showing that petitioner's forfeiture of SGTC from the disciplinary hearings at issue have been wiped out and thus his good time stemming from those dates has been restored (See Doc. 147 Exs. B and D; Doc. 148, Chart at p. 2). Respondent argues that any liberty interest, and thus due process rights, petitioner had in the disciplinary hearings are now gone because the forfeiture of the SGTC have been abolished as disciplinary sanctions.

### III. Analysis

Petitioner's habeas petition was filed pursuant to 28 U.S.C. § 2241 seeking habeas relief from several prison disciplinary proceedings. A writ of habeas corpus may be granted if an inmate is in custody in violation of the United States Constitution or its laws or treaties. 28 U.S.C. § 2241(c)(3). Inmates are entitled to due process before any of their good time credits, in which they have a liberty

interest, are taken away from them. *Jones v. Cross*, 637 F.3d 841, 845 (7th Cir. 2011).

The parties dispute whether petitioner has a liberty interest in his good time credit given that he is serving an indeterminate life sentence from the District of Columbia. However, for purposes of this motion, the Court presumes that petitioner has a liberty interest in his SGTC. While respondent maintains its initial argument that petitioner does not have a valid liberty interest, respondent's motion to dismiss instead argues that since petitioner's good time credits have been restored, petitioner no longer has a liberty interest in any of his other punishments from the disciplinary hearing which would require due process. In essence, respondent argues that now that petitioner's punishment of loss of SGTC has been expunged, petitioner's petition is moot.

The crux of respondent's motion to dismiss rests on the fact that the Bureau of Prisons has now restored petitioner's SGTC by expunging those disciplinary sanctions from petitioner's incident reports. Petitioner argues that the good time credits have not been restored and until such time as the incident reports themselves are expunged, petitioner will still continue to lose SGTC based on those reports. Petitioner claims that forms submitted by respondent have no substance and that his Sentence Monitoring Good Time Date sheets continue to reflect that loss of SGTC. Thus, petitioner argues that his good time credits have never been restored.

While it appears from documents that have been provided by respondent that petitioner's SGTC has, as of March 15, 2012, been restored and the loss of SGTC as

a punishment for petitioner's disciplinary reports expunged, the Court notes that there is some contradiction among the many reports presented by both sides. As petitioner points out, respondent initially indicated that petitioner's SGTC had been restored but Sentence Monitoring Good Time Data sheets showed that his good time had not been restored. In fact, a data sheet printout from November 3, 2011, which was taken after respondent had filed his motion to dismiss on October 19, 2011, indicating that the good time had been expunged, shows that his SGTC from January 12, 2005, had not been expunged. The November 3, 2011, data sheet also contradicts the Inmate Disciplinary Data Chronological Disciplinary Record printout of October 18, 2011, which respondent included with his motion to dismiss indicating that the loss of good time credit had been expunged from his disciplinary record. While respondent points out that Sentencing Monitoring Good Time Data as of March 15, 2012, *does* show that the good time credit at issue in this case has now been properly expunged, the Court understands petitioner's concern that the documents he is presented with might be form documents and that his SGTC from January 12, 2005, might continue to be forfeited. The dueling documents presented to the Court, along with documents postdating the motion to dismiss indicating that his SGTC is still being forfeited, present some dispute as to whether petitioner's SGTC has been fully restored. Thus, there are still issues of fact as to whether petitioner's SGTC has been restored which prevent this Court from granting Respondent's motion to dismiss.

While the Court finds that a dismissal of petitioner's case is not warranted at

this time, given the numerous issues of concern presented by the parties' dueling documents, the Court will refer this matter to the magistrate judge to conduct an evidentiary hearing to determine whether, once and for all, petitioner's good time credits have been restored. Not only will the Court seek confirmation that the SGTC has been restored and the loss of good time expunged from his disciplinary record, but it will also seek an explanation as to why petitioner's Sentencing Monitoring Good Time Data sheet from November 3, 2011, still listed his good time forfeitures from January 12, 2005, even though the report was ran after respondent's motion to dismiss which reported that petitioner's loss of good time from that date had been restored. The Court also expects an explanation as to how the restoration process works and what effect it has on petitioner's parole date.

Turning to the issue of parole, the Court notes that petitioner also argues that he has a liberty interest in parole and that his loss of good time affects his parole eligibility date as well as his mandatory parole date. Respondent counters that his parole eligibility date is not impacted by good time credit as petitioner is serving a life sentence and does not have a maximum term of imprisonment to use in order to determine a mandatory parole date under the District of Columbia Code. Respondent also points out that petitioner's first date to see the parole board has not changed and that the District of Columbia does not have a provision for Mandatory Parole. Petitioner disputes this point and maintains that his parole date does fluctuate (Doc. 150 at p. 2).

While Respondent's arguments regarding parole rely on the District of

Columbia Code, neither party has cited to any relevant case law from this Circuit.[2] In fact, the Seventh Circuit *has* addressed the issue of parole in the habeas context as it relates to those inmates sentenced under District of Columbia Code. The Seventh Circuit has previously found that the District of Columbia's parole statute does not "contain mandatory language creating an expectancy of release that rises to the level of a constitutionally protected liberty interest. Indeed, the law is well established that the D.C. statutory scheme does not create any liberty interest in parole." *Thompson v. Veach*, 501 F.3d 832, 836-37 (7th Cir. 2007) ("[A] state may create a protected liberty interest in parole by enacting provisions governing parole that give a prisoner a reasonable expectation that he will be released if certain criteria are met."). State statutes create such an expectation when they contain mandatory language, such as the word "shall", creating a presumption that a prisoner will be released if certain criteria are met. *Id.* at 836 (citing *Blair-Bey v. Quick*, 151 F.3d 1036, 1047-48 (D.C. Cir. 1998)) (D.C. parole regulations contain non-mandatory language and do not create a liberty interest in parole); *Ellis v. District of Columbia*, 84 F.3d 1413, 1420 (D.C. Cir. 1996)) (D.C. parole stattue and regulations do not give any prisoners a liberty interest in parole); *McRea v. Hyman*, 667 A.2d 1356, 1357 (D.C. 1995)) ("The District's parole scheme confers discretion to grant or deny parole

---

[2] Additionally, while respondent cites to the D.C. Code relating to institutional good time credits and its effect on parole, the motion to dismiss does not discuss anything about institutional good time (Doc. 148 at p. 4). See *Kinard v. O'Brian*, Case No. 7:07-CV-00601, 008 WL 2095112, at *2-3 (W.D. Va. May 16, 2008).

and the scoring system creates no liberty interest overriding the exercise of that discretion.")[3] The holding in *Thompson* seems to suggest to this Court that petitioner does not have a liberty interest in parole, although neither party discusses the implications of *Thompson* on petitioner's case. Thus, the Court will also seek evidence regarding petitioner's parole and the effect, if any, of the discipline at issue in this case on his parole date at the evidentiary hearing, whether it relates to SGTC or otherwise. The Court will seek evidence and argument as to whether petitioner's parole does indeed fluctuate and, if so, why does it fluctuate and does that have any impact on the merits of this case. The Court will also seek argument from the parties as to how *Thompson* applies to the facts in this case, if at all.

## IV.  Conclusion

In conclusion, the Court **DENIES** respondent's motion to dismiss (Doc. 118). The Court further **DENIES** petitioner's motion to supplement as the Court deems that an evidentiary hearing is necessary and further evidence can be presented at that time. The Court refers this matter back to United States Magistrate Judge Stephen C. Williams, to conduct an evidentiary hearing. At that hearing, the parties should come prepared to prevent evidence on and argue the following issues:

1. Whether petitioner's good time has been restored and an explanation on how the restoration process works.

---

[3] In *Thompson*, the petitioner filed a habeas corpus petition challenging procedures by the United States Parole Commission (USPC) who had rescinded his parole date and continued his next scheduled parole hearing.

2. Whether petitioner's parole does fluctuate and, if so, why that is so and whether it has anything to do with the issues in this case.

3. The impact of *Thomspon v. Veach*. 501 F.3d 832 (7th Cir. 2007), on this case

4. The relevance, if any, of District of Columbia Good Time Credits, and Educational Good Time Credits, to this case, and in particular, to petitioner's parole eligibility.

5. Any other issues deemed appropriate by the magistrate judge

**IT IS SO ORDERED**.

**DATED: September 17, 2012**

Digitally signed by David R. Herndon
Date: 2012.09.17 11:31:29 -05'00'

**Chief Judge**
**United States District Court**