IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| D. WALLACE MITCHELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No.   06-cv-624-DRH-SCW |
| | ) |
| CHARLES A. DANIELS, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**WILLIAMS, Magistrate Judge:**

Before the Court are several motions filed by Petitioner. Specifically, Petitioner has filed a Motion for an Order Directing Respondent to Produce Video Tape (Doc. 209), a Motion for an Order to Direct Former Counsel to Provide Entire Case File (Docs. 211 & 218), a Motion for Continuance (Doc. 212), and a Motion for Copies (Doc. 215). The Court rules as follows:

**A.    Video Tape of Inventoried Materials**

Plaintiff has filed a Motion for an Order Directing Respondent to Produce Video Tape of February 14, 2013 and Video Tape of Property Review (Doc. 209). Specifically, Petitioner seeks to be provided with videotapes that were taken while he was housed in USP Florence, Colorado regarding his property, as well as surveillance tapes of his cell when his property was removed. As to the surveillance tape of his cell, the Court fails to see how those tapes would be relevant to any of the issues for the evidentiary hearing. Thus, the Court **DENIES** Petitioner's request for surveillance video of his cell.

As to the videotaped inventory of his materials, the Court had previously Ordered Respondent to conduct an inventory of Petitioner's property housed in R&D. Respondent conducted that inventory and provided the Court with a copy of the DVD to review the accuracy of

the inventory. As Respondent provided a copy of the DVD as part of its Response, the Court finds that Petitioner should also be provided with a copy of the DVD as it was an exhibit to the Response. Thus, the Court **DIRECTS** Respondent to provide Petitioner with a copy of the DVD which shows the inventory conducted at USP-Florence. However, the Court notes that it has no reason to believe, nor has Petitioner offered any argument, that the DVD is relevant to the issues which are outlined for discussion at the evidentiary hearing. The DVD only relates to administrative issues regarding Petitioner's access to his legal materials which arose during the course of these proceedings, but has nothing to do with the issues which are the subject of the evidentiary hearing. Thus, the Court **GRANTS** Petitioner's motion for an order directing Respondent to provide Petitioner with the videotaped inventory of his materials.

**B.      Materials from Petitioner's Former Counsel**

Petitioner has filed a motion requesting that his former counsel provide him with the complete case file (Docs. 211). Specifically, Petitioner states that he sought the entire case file from his former counsel Brian Trentman after his removal from this case, but that Petitioner never received a response from Mr. Trentman. Petitioner seeks a Court order directing Trentman to provide Petitioner with his entire case file. Petitioner also seeks a copy of his disciplinary record and good time computation data which form the basis of his habeas petition. Petitioner has also filed a supplement to his motion (Doc. 218) indicating that his former counsel Melissa Day may have the case file materials.

While Petitioner seeks to have the entire case file forwarded to him, the Court will not Order Petitioner's request. It is unclear what all is in the case file, although Petitioner acknowledges that it is voluminous, and there is no indication that all of the materials in the case file are relevant to the limited issues set for the evidentiary hearing. Petitioner's previous counsels have fully briefed the

issues to be discussed at the evidentiary hearing and have previously attached all exhibits which they believed were relevant for resolution of those issues. Additionally, much of what is contained in the file are likely copies of documents obtained from Petitioner. Thus, the Court finds that it is not necessary to order prior counsel to provide their entire file to Petitioner in order to proceed with the evidentiary hearing. All documents necessary for the evidentiary hearing, which were in counsel's possession, are already in the record. Thus, the Court **DENIES** Petitioner's request for the entire case file. However, Petitioner also seeks materials reflecting his entire disciplinary file as well as all good time data. The Court does not agree that all of these materials are relevant to this case. Accordingly, the Court **GRANTS IN PART** Petitioner's request and **ORDERS RESPONDENT** to provide Petitioner with documentation reflecting Petitioner's current status as to good time credit as well as any documents which reflect the history of his loss and restoration of good time credits that are relevant to good time credits at issue in this case. These documents should be provided to Petitioner **PRIOR** to the evidentiary hearing, so that he may reference them during the hearing if relevant.

C.   Motion for Continuance

Petitioner has also filed a Motion for a Continuance (Doc. 212) of the currently scheduled evidentiary hearing. Specifically, Petitioner states that he has been informed by the staff at USP- Florence that due to the date and time zone difference, having Petitioner present for the hearing will be burdensome. Petitioner also notes that there are multiple motions pending in this case as well as discovery materials that he still needs to review, including the DVD ordered to be produced above in this Order. However, the Court **FINDS** that a continuance is not warranted at this time. Petitioner has been aware of the issues to be discussed at the evidentiary hearing for quite some time and has had plenty of time to prepare for the hearing. The issues to be discussed at the hearing have

been simplified and narrowed. While Petitioner represents that USP – Florence has informed him that presenting Petitioner for the hearing at the scheduled time will be impossible, neither the Respondent nor the BOP has informed the Court of this possible problem. Further, Petitioner's claims that he will not have time to review discovery materials in preparation for the hearing is unfounded. While the Court has ordered that Petitioner be provided with the DVD of the inventory conducted by BOP, the Court has informed Petitioner that the DVD is not relevant to the issues to be discussed at the evidentiary hearing. Thus, Petitioner does not have to have viewed the video in order to discuss the issues relevant to the evidentiary hearing. Further, to the extent that he claims that he has not received the *Thomas v. Veach* opinion, which is the subject of several of his other pending motions and also a topic of discussion for the scheduled evidentiary hearing, it is clear to the Court that Petitioner has had access to the Seventh Circuit opinion and has read the opinion. Specifically, Petitioner discusses *Thomas* in his motion for witnesses (Doc. 213). Thus, it is clear to the Court that Petitioner has read the opinion as he would not be able to discuss the relevance of the opinion in his motion if he had not. Accordingly, the Court finds that Petitioner is prepared to discuss the issues relevant to the evidentiary hearing and, thus, the Court **DENIES** Petitioner's motion to continue (Doc. 212).

D.   **Motion for Copies**

Petitioner also has filed a Motion for the Court to Provide Copies of all Documents Filed in this Case since December 13, 2012 (Doc. 215). Specifically, Petitioner states that since counsel was previously appointed, only counsel received copies of the filings and now that Petitioner is proceeding *pro se*, he has not received any of the documents filed since December 13, 2012. Thus, the Court **GRANTS** Petitioner's motion and **DIRECTS** the Clerk of Court to send Petitioner a copy of the current docket sheet as well as a copy of all documents filed on the docket from December 13,

2012 to March 22, 2013. As Petitioner is now proceeding *pro se*, he should now receive copies of documents which are filed from here on out.

**IT IS SO ORDERED**.
DATED: March 22, 2013.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge