IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| D. WALLACE MITCHELL, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 06-cv-624-DRH-SCW |
| CHARLES A. DANIELS, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

Before the Court is Petitioner's motion for recusal (Doc. 214). Petitioner requests that the undersigned recuse himself from this case as Petitioner believes that the undersigned has predetermined opinions about the respondent which Petitioner claims came from extra judicial sources. Petitioner also believes that the undersigned has already formed an opinion of the case, so to lead Petitioner to believe that the undersigned cannot fairly preside over the upcoming evidentiary hearing.

Any judge must recuse himself, pursuant to **28 U.S.C. § 455**, "in any proceeding in which his impartiality might reasonably be questioned." **See 28 U.S.C. § 455(a).** A judge must also recuse himself if he "has a personal bias or prejudice against the party." **28 U.S.C. § 455(b)(1) (A judge should disqualify himself when he has a "personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings.").** The bias must arise for an extrajudicial source, and "must be grounded in some personal animus or malice that the judge harbors against him, of a kind that a fair-minded person could not entirely set aside when judging certain persons or causes." **Hook v. McDade, 89 F.3d 350, 355 (7th Cir. 1996).** Actual bias or prejudice must be proved by "compelling evidence." **Id.** Ordinarily remarks made during

the course of a hearing and judicial rulings are not grounds for recusal. *Id.* **("[J]udicial rulings are grounds for appeal, not disqualification.").** A judge must also recuse himself if a party files an affidavit showing that the judge has a personal bias or prejudice against the party. 28 U.S.C. § 144. But the party's affidavit must have sufficient facts that are "sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient." ***O'Regan v. Arbitration Forums, Inc.,* 246 F.3d 975 (7th Cir. 2001) (internal citations omitted).**

Here, Petitioner has not offered compelling evidence that the undersigned is biased or prejudiced against the Petitioner. There is no evidence that the undersigned has engaged in *ex parte* communications with Respondent as Petitioner suggests, and in fact, the undersigned has not engaged in *ex parte* communications. It appears from the allegations in Petitioner's motion that he is merely unhappy with the Court's ruling on certain matters of discovery, particularly in ruling on the sending and receiving of Petitioner's mail. While Petitioner may not be happy with the Court's order, that is not grounds for recusal. ***Hook*, 89 F.3d at 355**. The Court also notes that Petitioner has not filed a sufficient affidavit supporting his belief that the undersigned has a bias or prejudice against him as is required to implicate **28 U.S.C. § 144**, nor has Petitioner offered sufficient allegations that would convince a reasonable person that bias exists. Accordingly, the Court **DENIES** Petitioner's motion for recusal (Doc. 214).

**IT IS SO ORDERED**.
DATED: March 25, 2013.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge