IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| D. WALLACE MITCHELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 06-cv-624-DRH-SCW |
| | ) |
| CHARLES A. DANIELS, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

    Before the Court are three motions to compel filed by Petitioner D. Wallace Mitchell (Docs. 226, 258, and 259). Respondent has filed a Response to Petitioner's first motion to compel (Doc. 230). Petitioner has filed a Reply (Doc. 255). The Court rules as follows.

**A.**    **First Motion to Compel**

    Petitioner's first motion to compel (Doc. 226) seeks an order compelling Respondent to provide Petitioner with relevant records related to this case. Specifically, Petitioner asks for a copy of his chronological disciplinary record, a sentence monitoring good time date sheet, all disciplinary hearing officer reports, a current public information inmate data sheet, a current cell house history, and AU incident reports. Respondent has filed a Response (Doc. 230) in which he informs the Court that Petitioner has been provided with documentation reflecting his current good time credit status and other documents which reflect the history of his loss and restoration of his good time credits, for the time period at issue in this case. Respondent notes that the documents were provided to Petitioner on March 25, 2013, but Petitioner refused to sign an acknowledgement of receipt of those documents (Doc. 230 Ex. 1). Petitioner's motion to compel was signed the very next day, March 26, 2013. Petitioner has filed a Reply in which he argues that Respondent never tried to deliver

documents on March 25, 2013.

The Court **DENIES** Petitioner's motion. As has been made clear to the Court on numerous occasions, Respondent has tried to provide Petitioner with documents that this Court has ordered him to provide and Petitioner has refused to sign the receipt acknowledging his receipt of these documents (Doc. 230 Ex. 1). Petitioner previously employed this tactic when the Court ordered Respondent to provide Petitioner with a copy of the Seventh Circuit opinion *Thompson v. Veach* (Doc. 203 Ex. 1). Respondent provided Petitioner with a copy of the opinion, which Petitioner then refused to sign receipt of and subsequently filed a motion for sanctions for Respondent's failure to provide him with the document (Doc. 234). It is evident to the Court that Petitioner is using these tactics in order to support his motions for sanctions, discredit Respondent, or delay the conclusion of Petitioner's case. Given the evidence before the Court and the fact that Petitioner has previously employed these tactics, the Court concludes that Petitioner has received all of the documents he has requested and thus **DENIES** his motion to compel.

**B.** **Motion to Compel**

Petitioner filed another motion to compel, this time seeking to compel Respondent to provide him with copies of his legal mail that Respondent was allegedly holding. Petitioner argues that Respondent is withholding mail from Petitioner's former counsel Brian K. Trentman, letters from this Court, and a letter from Congresswoman Eleanor Holmes. This topic was also a subject of one of Petitioner's motions for sanctions which this Court denied. In that Order, the Court found no reason to disbelieve Respondent's assertions that he has been complying with Court orders and not interfering with Petitioner's mail. As the Court has previously held, the Court is of the belief, based on the evidence before it, that Petitioner is able to send and receive mail, and that Petitioner is trying to mislead this Court into believing his mail is being interfered with (Doc. 199). Further, the Court notes that it has not sent any "correspondence" to Petitioner and Petitioner has acknowledged that he

has received filings in this Court (*See* Doc. 256 acknowledging receipt of filed response by Respondent).[1] Further, the Court fails to see how mail from Congresswoman Eleanor Holmes is related to the issues in this case. Accordingly, the Court **DENIES** Petitioner's motion to compel return of legal mail.

## C. Second Motion to Compel

Petitioner has also filed a Second Motion to Compel (Doc. 159) in which he seeks from Respondent a copy of the response to the motion for sanctions (Doc. 245) and a copy of the video tape of Petitioner's property being removed from his cell. However, the Court notes that as Petitioner is appearing *pro se*, he should receive copies of filings with this Court (Doc. 222). Further, Petitioner has now filed a Reply to the motion for sanctions in response to Respondent's responsive brief (Doc. 266). In that Reply, Petitioner references the Response, suggesting that he has now received a copy of the Response. Thus, the Court **FINDS as moot** Petitioner's request for a copy of Respondent's responsive brief. As to Petitioner's request to view the videotape of Petitioner's property being removed from his cell, the removal of Petitioner's property is something that Petitioner alleges has occurred since his transfer to Florence. The action has nothing to do with the issues in this case and thus the Court finds that the videotape of the event is irrelevant to this case. Accordingly, the Court **DENIES** Petitioner's second motion to compel.

**IT IS SO ORDERED**.
DATED: July 29, 2013.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge

---

[1] Petitioner has also referenced numerous orders and filings in this Court in his motions, suggesting that he has received copies of these filings.