IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| D. WALLACE MITCHELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 06-cv-624-DRH-SCW |
| | ) |
| CHARLES A. DANIELS, | ) |
| | ) |
| Respondent. | ) |

### MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

Before the Court are numerous motions for sanctions filed by Petitioner (Docs. 234, 232, 238, 243, 250, 256, and 264). Respondent has filed Responses to Petitioner's motions (Docs. 253) as well as his own motion for sanctions (Doc. 257). Petitioner has filed a Reply brief (Doc. 266) as well as a Response in opposition to Respondent's motion (Docs. 263 & 268). Petitioner has also sought leave to supplement his motion for sanctions. The Court rules as follows:

**A.    First Set of Motions for Sanctions (Docs. 234, 232, 238, 243, and 250)**

Petitioner's first set of motions for sanctions (Docs. 234, 232, 238, 243, and 250) deal with many of the same issues. Specifically, in those motions, Plaintiff alleges that Respondents interfered and destroyed his legal materials, interfered with his legal mail, including attorney-client communications, failed to provide him with a copy of *Thomspon v. Veach* as previously ordered by this Court, and failed to provide him a copy of the video inventory of his legal materials. He also alleges that the video inventory was forged and that the inventory did not include all of his materials. Petitioner has also filed a supplement to his motion (Doc. 269) stating that Respondent has seized his legal materials.

In support of his motion, Petitioner raises several unsubstantiated claims. Plaintiff

alleges that the Postmaster and Postclerk reviewed the markings on his envelopes (attached to his motion Doc. 234 as Exhibit A) and found that the markings on the envelopes did not come from the United States Postal Service. Petitioner also claims he was told by an officer Watson and Poland that the video inventory of his legal materials were falsified, and that much of the property in the video is not even his property as it was mixed in with other property in order to stage the event. The same officer Poland allegedly admitted to withholding Petitioner's legal mail from him and that the BOP manufactured a fraudulent mail return stamp.

However, none of Petitioner's allegations are substantiated and the Court finds his statements suspect. The Court has reviewed the envelopes provided by Petitioner which were labeled "Returned for Postage" and nothing on the envelopes suggest that the stamp is a fake or from the BOP. Petitioner has no evidence to suggest that these stamps are a forgery other than his own statements that the post office has declared them a forgery. However, it is unclear to the Court how Petitioner was able to verify with the Postmaster regarding the authenticity of the stamp and Petitioner provides no evidence supporting his claim that he has talked to the Postmaster. Further, the Court notes that this is not the first time that Petitioner's allegations against Respondent have come under suspicion. This Court previously found that Petitioner had misled the Court, particularly in an issue related to legal mail and Petitioner's legal materials (See Doc. 199). Thus, the Court is hesitant to credit Petitioner's unsupported allegations.

Further, as this Court has previously pointed out, Respondent has given the Court no reason to disbelieve his assertions that he has complied with this Court's orders. The Court has previously found that since Petitioner has been moved to Florence, Respondent has been in full compliance with this Court's orders regarding Petitioner's legal materials and legal mail (Doc. 199). The Court also previously noted that it believed Petitioner had received the *Thompson v. Veach* opinion

as he had referenced the opinion in a previous motion (Doc. 222). Respondent has also offered evidence that they have complied with the Court's Orders (Docs. 182, 203, 230). Thus, the Court finds that Plaintiff has failed to demonstrate that sanctions are warranted here as the evidence before the Court suggests that Respondent has complied with this Court's orders, and since moving to Florence, Petitioner has been provide with legal mail, legal materials, the *Thompson* opinion, and the DVD inventory of his legal materials. The Court also fails to find any evidence that Respondent fraudulently marked Petitioner's legal mail, faked the video inventory of Petitioner's property, or committed any other fraud upon this Court. Accordingly, Petitioner's motions for sanctions is **DENIED**.

**B.**     **Petitioner's Motion for Sanctions (Doc. 256)**

After filing all of his previous motion for sanctions, Petitioner filed a response in opposition to the opposition filed by Respondent in response to Petitioner's appeal of one of this Court's decisions. Petitioner argues that Respondent's opposition brief (Doc. 229) is a continuation of Respondent's behavior of filing scandalous and false filings with the Court. Petitioner asks for sanctions, arguing that Respondent is lying to the Court about Petitioner's access to his legal materials. Petitioner points out that he has evidence that Respondent has his legal materials and is planning on the destroying the materials. However, the Court has previously found this allegation to be false. As previously pointed out by this Court, the letter Petitioner points to in order to support his allegation does not show that Respondent, are anyone else associated with the BOP, intends to destroy his legal material (Doc. 199). The letter actually has to do with excess non-legal material, not legal material and nothing in the letter indicates that Respondent intends to destroy any of Petitioner's property. Thus, the Court finds that Petitioner is not entitled to sanctions and accordingly **DENIES** Petitioner's motion (Doc. 256). The Court also notes that in this motion Petitioner indicated that he received a

copy of Respondent's brief in the mail, albeit not in the timely manner Petitioner expected. The fact that Petitioner received the filing from Respondent through the mail (Petitioner notes that the letter was post-marked April 9, 2013) is further indication that Petitioner is able to send and receive mail contrary to his allegations in his various motions for sanctions.

**C.     Respondent's Motion for Sanctions**

Respondent has also filed a Motion for Sanctions (Doc. 257). In that motion, Respondent argues that Petitioner provided the Court with a forged printout of his District of Columbia Educational Good Time Credit (DCEGT) as part of his brief filed after the Court held an evidentiary hearing (Doc. 248). Respondent notes that Petitioner forged the document in order to demonstrate that he had completed 2300 hours of educational programming. Respondent attaches a DCEGT transcript from the BOP which shows Petitioner's actual educational programming, as well as an affidavit from Augustus Faller, Operations Manager at the Designation and Sentence Computation Center (DSCC) who indicates that Petitioner has forged his transcript by adding zeroes to his credit hours in order to make it look like he received ten times the hours of credit he actually received for each class (Doc. 257 Exs. 1 & 2). As a sanction, Respondent seeks dismissal of Petitioner's habeas petition.

In response to Respondent's motion, Petitioner has filed a Response (Doc. 263) and a Cross Motion for Sanctions (Doc. 264) as well as a Motion to Strike (Doc. 262) Augustus Faller's second affidavit. Petitioner first seeks to strike the affidavit of Augusts Faller (Doc. 262). Petitioner argues that Respondent only uses the affidavit in an attempt to repeat testimony Faller already offered at the evidentiary hearing and to offer evidence that the document Petitioner offered regarding the DCEGT is forged, even though Petitioner points out that the document was generated by the BOP. However, the Court notes that the affidavit is not merely a regurgitation of Faller's previous testimony

and instead focuses on Petitioner's DCEGT credits and the authenticity of the transcript Petitioner offered to support his argument regarding his credits. Further, the Court finds that Faller has set forth a foundation for his knowledge and sworn statements. Accordingly, the Court **DENIES** Petitioner's motion to strike (Doc. 262).

Petitioner has also filed a Response in opposition to the motion to strike as well as a cross-motion to strike. Petitioner argues that BOP is responsible for the transcript he provided to the Court and that he is unable to forge a document due to his housing and that he cannot even possess the document. Petitioner also argues that Respondent's motion is frivolous and further evidence of Respondent's lies, warranting sanctions against Respondent. Petitioner also requested an evidentiary hearing in order to determine the authenticity of the document. Petitioner subsequently filed a Supplement to his response (Doc. 268) indicating that it was a Mr. Orr from the BOP who made the handwritten corrections after Petitioner challenged the accuracy of the transcript and that he never actually saw the document as Case Manager John Coulson attached the document to his pleadings. Petitioner attaches a letter from Mr. Orr, but the letter says nothing about the added zeroes on his transcript.

However, the Court finds, after reviewing the transcript Petitioner attached to his brief, as well as the transcript provided by Respondent, that the transcript Petitioner provided to the Court is clearly forged. The document clearly has handwritten zeroes "0" next to each credit hour so that the document reflects credit hours that are ten times the hours Petitioner actually received. Further, the Court finds Petitioner's statements that he cannot possess or forge this document suspect as Petitioner was able to attach the document to his brief, clearly demonstrating possession of the document. Although he now claims that a John Coulson attached the document and that he never saw the transcript, this new allegation conflicts with a previous allegation in the same supplement

(Doc. 268) that Mr. Orr hand corrected the numbers when Petitioner challenged their accuracy. This allegation suggests that Petitioner saw the document at some point when in the next paragraph he indicates that he has never seen the document. It is also evident to the Court that Petitioner is not being truthful to the Court as his story continues to change in order to suit his position. It is clear from the evidence before the Court that Petitioner changed the numbers on his credit hours in order to reflect a higher amount of credits. Thus, no evidentiary hearing is needed as Petitioner's actions are evident. As the Court finds that Petitioner has clearly forged the transcript he submitted to the Court (Doc. 248), the Court **DENIES** Petitioner's cross motion for sanctions (Doc. 264) and **GRANTS** Respondent's motion for sanctions (Doc. 257). The Court will **STRIKE** the portion of Petitioner's brief dealing with the forged DCEGT transcript. Further, as part of its recommendation to the District Court, the Court will **RECOMMEND** that Petitioner's habeas petition be dismissed as a sanction for committing a fraud upon the Court.

**IT IS SO ORDERED**.
DATED: July 29, 2013.

/s/ *Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge