# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| D. WALLACE MITCHELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )  Case No.   06-cv-624-DRH-SCW |
| | ) |
| CHARLES A. DANIELS, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

Before the Court are several miscellaneous motions filed by Petitioner.  The Court rules as follows:

## A.     Motion for Order Directing Respondent to Stop Delaying and Withholding Mail

Petitioner has filed a Motion for an Order Directing Respondent to Stop Delyaing and Withholding Mail (Doc. 216).   Specifically, Petitioner indicates that Petitioner is not receiving mail in a timely fashion and that the BOP has been stamping his mail with a forged postal stamp.  This argument regarding the postal stamp is also the subject of a motion for sanctions filed by Petitioner (Doc. 232, 234) which this Court has denied.  The Court does not find any evidence in the record suggesting that Respondent has forged a postal stamp and is in any way interfering with Petitioner's mail.  Further, Respondent has offered evidence on numerous occasions that BOP staff has tried to provide Petitioner with filings and documents in this case, but that Petitioner refuses to sign for the documents (Doc. 203, 230).   The Court also notes that it has previously found Petitioner's allegations regarding his access to mail disingenuous and Petitioner has indicated in other proceedings that he has received his mail (Doc. 199).   Accordingly, the Court finds no evidence to support Petitioner's

arguments and thus the Court **DENIES** Petitioner's motion (Doc. 216).

**B.      Opposition to Notice of Compliance with Court Order and Motion to Strike**

Petitioner has also filed a motion to strike (Doc. 220), claiming that Respondent has failed to provide Petitioner with a notice of compliance which Respondent served upon this Court (Doc. 203) indicating that Respondent had performed an inventory of Petitioner's R&D property and that Petitioner had been provided with a copy of *Thompson v. Veach*.   Petitioner argues that he never received a copy of the opinion and that as the videotaping was conducted *ex parte*, Petitioner has no way of knowing what property was taped.   The Court notes that this matter is the subject of a motion for sanctions filed by Petitioner which the Court denied.   The Court further notes that it has viewed the DVD of the inventory and also directed that Petitioner be provided with a copy of the DVD (Doc. 222).   Thus, Petitioner has now had the opportunity to view the DVD and the Court finds that Petitioner was provided a copy of *Thompson* as noted by the Court previously.   As the Court has previously dealt with this topic, it **FINDS AS MOOT** Petitioner's motion to strike.

**C.      Motion to Extend Record and to Return Photocopies**

Petitioner has also filed a motion to extend the record and to return photocopies of exhibits (Doc. 241).   Petitioner notes that there were numerous documents that he wanted to present to the Court at the hearing but he did not have access to his legal materials.   However, the Court notes that Petitioner did not ask to present any of these exhibits at the hearing, even though he could have done so.   Thus, the Court **DENIES** Petitioner's motion to expand the record now.   As to the photocopies, Petitioner indicates that he gave Respondent his exhibits for photocopying and they were never returned.   It is not clear to the Court when Petitioner allegedly gave his exhibits to Respondent for photocopying.   He also continues to argue that Respondent is denying him access to his legal materials.   The Court has dealt with the issue of Petitioner's access to his legal materials

extensively and has determined that Respondent, since Petitioner's arrival at Florence, has been complying with the Court's orders to provide Petitioner with access to his legal materials.   There is also no evidence that Respondent has in his possession exhibits that Petitioner intended to present to the Court.   Thus, the Court also **DENIES** this motion to the extent he is seeking the return of photocopy exhibits that were in his legal materials.

## D.      Second Motion to Extend Record

Petitioner has filed a Second Motion to Extend Record (Doc. 251) asking the Court to hold another evidentiary hearing so that he may recall one of his witnesses, June Bencebi, to the stand. Petitioner indicates that he has recently received good time sheets that were prepared by Bencebi and he wishes to recall her so that he can question her about the documents.  The Court **DENIES** Petitioner's motion to extend record (Doc. 251).   Petitioner was given an opportunity at the hearing to question Bencebi and the Court sees no further reason to recall her to the stand.   Further, the evidentiary hearing is over and the Court has all it needs before it to issue its ruling.   Thus, no further testimony, including further testimony from Bencebi, is needed.

## E.      Motion for Copy of Transcripts

Here, Petitioner asks for a copy of the transcripts from both the Court's December 13, 2013 motion hearing and the evidentiary hearing held on April 1, 2013 (Doc. 252).   As to the evidentiary hearing held on April 1, 2013, the Court **GRANTS** Petitioner's motion and **DIRECTS** the Clerk to forward Petitioner a copy of the transcript from the April 1, 2013 evidentiary hearing so that Petitioner may adequate review the record and respond to the Report and Recommendation. However, as to the December 13, 2013 motion hearing, a transcript was not made for that hearing and thus the Court **DENIES** Petitioner's request.

**F.      Motion for Court to Provide Docket Sheet**

              Petitioner has also filed a motion for the Court to Provide Pages of Docket Sheet (Doc. 265).   Petitioner requests a copy of the docket sheet or copies of the most recent docket entries as Petitioner claims that orders from this Court mention motions filed by Respondent that Petitioner has no knowledge of.   The Court notes that the several most recent filings in this case have been by Petitioner himself.   However, the Court will **DIRECT** the Clerk's office to forward Petitioner a copy of the docket sheet.   Thus, the Court **GRANTS** Petitioner's motion only to the extent that Petitioner asks for a copy of the docket sheet.

        **IT IS SO ORDERED**.
DATED: July 29, 2013.

                                       */s/ Stephen C. Williams*
                                        STEPHEN C. WILLIAMS
                                        United States Magistrate Judge