## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**D. WALLACE MITCHELL,**

     **Petitioner,**

**v.**                         **No. 3:06-cv-00624-DRH**

**CHARLES A. DANIELS, Warden,**

     **Respondent.**

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

     This matter comes before the Court on petitioner D. Wallace Mitchell's ("Mitchell") objection and motion to seal records (Doc. 304), motion to correct record (Doc. 305), motion to stay sanctions pending appeal (Doc. 307), motion to be reserved with court order (Doc. 313), motion for extension of time to file a motion for relief from judgment (Doc. 313), motion for leave to appeal in forma pauperis (Doc. 314), and motion for relief from judgment (Doc. 318).   The Government has responded to the motion for leave to appeal in forma pauperis (Doc. 317).   For the following reasons, petitioner's motions are **DENIED.**

### I.   Background

     On March 24, 2014, the undersigned adopted the Report and Recommendation of Magistrate Judge Stephen C. Williams with the following modifications.   Mitchell's petition was denied with prejudice as a sanction for fraud upon the Court.   The Court additionally fined Mitchell $1,000 for his fraud

on the Court and directed the Bureau of Prisons ("BOP") to put this fine on petitioner's trust account as a debt to the Court, to be deducted from his account in amounts at the BOP's discretion pursuant to the Inmate Financial Responsibility Program. The Court also ordered that until petitioner paid the sum in full to the Clerk of Court, he was barred from filing further civil suits in this Court. In the alternative, the petition was denied as moot. The Court also declined to issue a certificate of appealability.

On April 1, 2014, the Government moved to amend/correct the Clerk's judgment (Doc. 300) asserting the Mitchell did not participate in the Inmate Financial Responsibility Program and, at the time the motion to amend was filed, had approximately $9,000 in his trust fund account. In support of this assertion, the Government provided the Court with petitioner's trust fund statement from 10/01/2013 to 04/01/2014 indicating an ending balance of $9,027.81 on 3/31/2014 and a deposit of $13,758.18 in the preceding 6 months (Ex. 1). Petitioner did not respond. The Court granted the motion on April 18, 2014 and amended its order such that the BOP was directed to withdraw the $1,000 fine from Mitchell's inmate trust fund account to satisfy the Court's sanction (Doc. 302). Petitioner subsequently filed an untimely "opposition" (Doc. 303) and supplement (Doc. 312).

On April 21, 2014, petitioner filed a notice of appeal of the Court's dismissal order and the Court's order granting the Government's motion to amend (Doc. 306). The Court will address each of petitioner's motions in turn.

## II.   <u>Analysis</u>

### 1. Objection and Motion to Seal Records (Doc. 304)

In petitioner's first motion he asserts that the exhibit to the Government's motion be sealed.  The exhibit in question is a copy of petitioner's trust fund account detailed above (Doc. 300-1).  Petitioner contends the he has never consented to the Office of the United States Attorney to possess or provide public access to his account records and how counsel received the document is "suspect, and indicative of misconduct."  He argues that now that the account information has been filed with the Court, it has essentially become a public document.  The Court does not find that petitioner has shown good cause to seal the documents. *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999).  Therefore, petitioner's objection and motion to seal records (Doc. 304) is **DENIED.**

### 2. Motion to Correct Record (Doc. 305)

Petitioner next filed a motion to correct record (Doc. 305) requesting to correct the record as to his participation in the financial responsibility program. Petitioner asserts that he has participated in the program on a number of occasions.  In support of this assertion, petitioner provides a copy of an inmate financial plan dated June 18, 2012 and debt history as of August 17, 2012. Whether the petitioner previously participated in the inmate responsibility program has no bearing on the current debt.  Therefore, the motion to correct record (Doc. 305) is **DENIED.**

**3. Motion to Stay Sanctions Pending Appeal (Doc. 307)**

Petitioner also filed a motion to stay sanctions pending appeal (Doc. 307). In this motion, petitioner notes that he has filed an appeal of the Court's order dismissing his case and argues that he would suffer irreparable harm if any sanctions were collected because he claims the financial responsibility program does not have a provision for reimbursement. The Court finds no reason to stay the sanctions pending appeal. Petitioner has not made a showing of a likelihood of success on appeal. He has also not demonstrated a likelihood of irreparable injury as the Government is credit-worthy and would be able to refund the money should petitioner prevail on appeal. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Glick v. Koenig*, 766 F.2d 265, 269 (7th Cir. 1985). Therefore, petitioner's motion to stay sanctions pending appeal is **DENIED.**

**4. Motion to be Reserved with Court Order and Motion for Extension of Time to File a Motion for Relief from Judgment (Doc. 313)**

Petitioner next requests that the Court "reserve him with its last order, and to grant an extension of time to file a relief from that judgment, should one [be] needed" (Doc. 313 at 1). Petitioner asserts that his BOP Counselor showed him mail from the Court but would not give him the mail unless he withdrew sexual abuse complaints lodged against other BOP staff. Petitioner claims that he refused to negotiate for the mail and that, as a result, his Counsel left with the mail. However, the Court cannot discern any specific relief requested by petitioner. Therefore, petitioner's motion to be reserved with Court Order and

motion for extension of time to file a motion for relief from judgment (Doc. 313) are **DENIED.**

### 5. Motion for Leave to Appeal In Forma Pauperis (Doc. 314)

Petitioner also filed a motion for leave to appeal in forma pauperis (Doc. 314). In support of his motion, he provides a stamped certified copy of his trust fun statement with entries from 10/01/2013 to 11/7/2014. The Government responded to petitioner's motion (Doc. 317). The Government asserts that the Court should deny petitioner's motion for leave to appeal in forma pauperis because petitioner has the ability to pay his appeal costs. The Government notes that the petitioner-provided trust fund statement indicates a deposit of $13,733.18 on October 24, 2013. The Government also includes a copy of petitioner's account balance as of May 6, 2014 of $7,864.41 (Doc. 317-1).

In evaluating Mitchell's motion, the Court must determine whether the appeal is taken in good faith. As to the good faith requirement, the Court must "find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). "[A]n appeal in a frivolous suit cannot be 'in good faith' under § 1915(a)(3), because 'good faith' must be viewed objectively." *Moran v. Sondalle*, 218 F.3d 647, 650 (7th Cir. 2000); *see also Lee*, 209 F.3d at 1026; *Tolefree v. Cudahy*, 49 F.3d 1243, 1244 (7th Cir. 1995) ("[T]he granting of leave to appeal in forma pauperis from the dismissal of a *frivolous* suit is presumptively erroneous and indeed self-contradictory.") That said, a district

court is under an obligation "not to apply an inappropriately high standard when making good faith determinations." *Pate v. Stevens*, 163 F.3d 437, 438 (7th Cir. 1998). In this case, the Court finds that the appeal is not taken in good faith. Petitioner's case was frivolous and marred by petitioner's fraud on the Court. Therefore, petitioner's motion for leave to appeal in forma pauperis is **DENIED.**

### 6. Motion for Relief from Judgment (Doc. 318)

Finally, petitioner filed a motion from relief from judgment (Doc. 318) specifically the Court's order granting the Government's motion to amend. However, on April 21, 2014, petitioner filed a notice of appeal (Doc. 306). Petitioner's appeal addresses both the Court's order dismissing his case and the Court's order granting the Government's motion to amend. Seventh Cir. Case No. 14-1880, at Doc. 1-1. The filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). Therefore, the Court **DENIES** petitioner's motion for relief from judgment (Doc. 318) for lack of jurisdiction.

### III.   Conclusion

Accordingly, the Court **DENIES** petitioner's objection and motion to seal records (Doc. 304), motion to correct record (Doc. 305), motion to stay sanctions pending appeal (Doc. 307), motion to be reserved with court order (Doc. 313), motion for extension of time to file a motion for relief from judgment (Doc. 313),

motion for leave to appeal in forma pauperis (Doc. 314), and motion for relief from judgment (Doc. 318).

**IT IS SO ORDERED.**

Signed this 21st day of May, 2014.

Digitally signed
by David R.
Herndon
Date: 2014.05.21
12:04:06 -05'00'

**Chief Judge**
**United States District Court**