IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

D. WALLACE MITCHELL,

    Petitioner,

v.                                                                  No. 3:06-cv-00624-DRH

CHARLES A. DANIELS, Warden,

    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter comes before the Court on petitioner D. Wallace Mitchell's ("Mitchell") motion for sanctions (Doc. 320) and motion for relief from judgment (Doc. 323). The Court directed the Government to respond to petitioner's motion for sanctions and it did so (Doc. 325). For the following reasons, petitioner's motions are **DENIED.**

### I.   Background

On March 24, 2014, the undersigned adopted the Report and Recommendation of Magistrate Judge Stephen C. Williams with the following modifications. Mitchell's petition was denied with prejudice as a sanction for fraud upon the Court. The Court additionally fined Mitchell $1,000 for his fraud on the Court and directed the Bureau of Prisons ("BOP") to put this fine on petitioner's trust account as a debt to the Court, to be deducted from his account in amounts at the BOP's discretion pursuant to the Inmate Financial Responsibility Program. The Court also ordered that until petitioner paid the

sum in full to the Clerk of Court, he was barred from filing further civil suits in this Court. In the alternative, the petition was denied as moot. The Court also declined to issue a certificate of appealability.

On April 1, 2014, the Government moved to amend/correct the Clerk's judgment (Doc. 300) asserting the Mitchell did not participate in the Inmate Financial Responsibility Program and, at the time the motion to amend was filed, had approximately $9,000 in his trust fund account. In support of this assertion, the Government provided the Court with petitioner's trust fund statement from 10/01/2013 to 04/01/2014 indicating an ending balance of $9,027.81 on 3/31/2014 and a deposit of $13,758.18 in the preceding 6 months (Ex. 1). Petitioner did not respond. The Court granted the motion on April 18, 2014 and amended its order such that the BOP was directed to withdraw the $1,000 fine from Mitchell's inmate trust fund account to satisfy the Court's sanction (Doc. 302). Petitioner subsequently filed an untimely "opposition" (Doc. 303) and supplement (Doc. 312).

On April 21, 2014, petitioner filed a notice of appeal of the Court's dismissal order and the Court's order granting the Government's motion to amend (Doc. 306). On May 21, 2014, the Court entered an order denying several of petitioner's motions (Doc. 319).

## II. Analysis

### A. Motion for Sanctions

In his motion for sanctions, petitioner generally asserts that the Government has manipulated and misrepresented his trust fund information.

Specifically, petitioner alleges that the Government conspired with officials at the Bureau of Prisons to restrict the transfer of petitioner's funds to a private bank and therefore acted together in order to ensure his motion to appeal *in forma pauperis* was denied. Furthermore, petitioner attacks the Government's counsel, Ms. Jennifer Hudson, as having an "obvious extrajudicial obsession" with him (Doc. 320 at 6).

While the Court has the authority to issue sanctions, it will not do so at this time. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 42-45 (1991). This motion represents yet another abuse of the judicial system, but not by respondent. Petitioner again falsely represents certain assertions as facts including but not limited to the nature of his trust fund balance, his conversations with Ms. Lundy, and the manipulation of his mail. The Government has previously refuted one of these claims and currently denies the remaining claims. Furthermore, unlike petitioner, the Government has provided the Court with evidence in support of its assertions (*See, e.g.,* Doc. 325, Exs. 1-3). Therefore petitioner's motion for sanctions is **DENIED** (Doc. 320). The Court **WARNS** Mr. Mitchell that any further misrepresentations before this Court may warrant additional sanctions.

**B. Motion for Relief from Judgment**

Next, the Court must address petitioner's motion for relief from the Court's judgment dated May 21, 2014 (Doc. 323). Petitioner asserts that his opposition to the motion to amend (Doc. 303) was not untimely because he had not received service of the motion in a timely fashion and thereafter

immediately prepared and mailed his opposition. The Court received Mr. Mitchell's opposition after it entered its order (Doc. 302). Upon review of its order granting the Government's motion to amend, as a result of Mr. Mitchell's first motion for relief from judgment, the Court found that it lacked jurisdiction because petitioner had already filed a notice of appeal to the Seventh Circuit. This case, Seventh Circuit Case No. 14-1880, remains pending before the Seventh Circuit, therefore the Court must deny this portion of the motion for lack of jurisdiction. Upon careful consideration, the remainder of petitioner's motion does not present the Court with any reason to modify its previous order. Thus petitioner's motion for relief from judgment is **DENIED** (Doc. 323).

### III. Conclusion

Accordingly, the Court **DENIES** petitioner's motion for sanctions (Doc. 320) and motion for relief from judgment (Doc. 323).

**IT IS SO ORDERED.**
Signed this 18th day of September, 2014.

Digitally signed by David R. Herndon

**Chief Judge
United States District Court**